2001 OK 65

**STATE of Oklahoma ex rel. OKLAHOMA BAR ASSOCIATION, Complainant,**

v.

**Tracie Michelle GRUNEWALD, Respondent.**

**No. SCBD #4611.**

Supreme Court of Oklahoma.

July 2, 2001.

ORDER APPROVING RESIGNATION FROM OKLAHOMA BAR ASSOCIATION PENDING DISCIPLINARY PROCEEDINGS

¶ 1 Upon consideration of the Oklahoma Bar Association's application for an order approving the resignation of Tracie Michelle Grunewald pending disciplinary proceedings, this Court finds:

1. On June 8, 2001, Grunewald submitted her written affidavit of resignation from membership in the Oklahoma Bar Association pending disciplinary proceedings.

2. Grunewald's affidavit of resignation reflects that: a) it was freely and voluntarily rendered; b) she was not subject to coercion or duress; and c) she was fully aware of the consequences of submitting her resignation.

3. Grunewald states the following in her affidavit of resignation:

I am aware the following grievances have been lodged with the Office of the General Counsel and that investigations are proceeding with regard to these matters:

(a) DC 00–419—This is a grievance by Tresha Diane Griffin which alleges a severe case of neglect and non-communication.

I am aware that the burden of proof regarding the allegations set forth herein rests upon the Oklahoma Bar Association. However, I hereby waive any and all right to contest the allegations.

4. Grunewald is aware that the allegation set forth, if proven, would constitute violations of Rules 1.2, 1.3, 14, 1.5 and 8.4(c) of the Oklahoma Rules Governing Professional Conduct, Okla. Stat. tit. 5, ch. 1, app. 3–A (1991), and her oath as an attorney.

5. Grunewald's resignation pending disciplinary proceedings is in compliance with all the requirements set forth in Rule 8.1, Rules Governing Disciplinary Proceedings, Okla. Stat. tit. 5, ch.1, app. 1–A (1991), and it should be approved.

6. The official roster address of Tracie Michelle Grunewald as shown by Bar Association records is P.O. Box 2002, Woodward, OK 73802–2001.

7. The Oklahoma Bar Association has waived any costs incurred in this matter.

¶2 IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that the name of Tracie Michelle Grunewald be stricken from the roll of attorneys. Because resignation pending disciplinary proceedings is tantamount to disbarment, Grunewald may not make application for reinstatement prior to the expiration of five years from the date of this order. Pursuant to Rule 9.1, Rules Governing Disciplinary Proceedings, Okla. Stat. tit. 5, ch. 1, app. 1–A, Grunewald shall notify all of her clients having legal business pending with her within twenty days, by certified mail, of her inability to represent them and of the necessity for promptly retaining new counsel. Repayment to the Client Security Fund for any monies expended because of the malfeasance or nonfeasance of the attorney shall be a condition of reinstatement.

¶3 DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE this *2nd* day of July, 2001.

ALL JUSTICES CONCUR.