2001 OK 112

**STATE of Oklahoma ex rel. OKLAHOMA BAR ASSOCIATION, Complainant,**

v.

**William Ray REDELL, Respondent.**

**No. SCBD # 4660.**

Supreme Court of Oklahoma.

Dec. 11, 2001.

ORDER APPROVING RESIGNATION FROM OKLAHOMA BAR ASSOCIATION PENDING DISCIPLINARY PROCEEDINGS.

¶ 1 Upon consideration of the Oklahoma Bar Association's application for an order approving the resignation of William Redell pending disciplinary proceedings, this Court finds:

1. On November 14, 2001, Redell submitted his written affidavit of resignation from membership in the Oklahoma Bar Association pending disciplinary proceedings.

2. Redell's affidavit of resignation reflects that: a) it was freely and voluntarily rendered; b) he was not subject to coercion or duress; and c) he was fully aware of the consequences of submitting his resignation.

3. Redell states the following in his affidavit of resignation:

I am aware the following grievances have been lodged with the Office of the General counsel and that the Professional Responsibility Commission directed on October 28, 2001, that the General Counsel initiate a formal Complaint before the Supreme Court of the State of Oklahoma with regard to these matters:

(a) DC 99–370—A grievance filed by Anthony Martin in which Martin alleged I received a settlement on his behalf in the amount of $1,500, and converted the money to my personal use by forging his name as an endorsement to the settlement check.

(b) DC 00–262—A grievance filed by the Office of the General counsel of the

Oklahoma Bar Association arising from *State v. Redell,* District Court of Tulsa County, Case No. CF 2000–4148. On February 28, 2001, I entered a plea of Nolo Contendre to one count of Assault and Battery with Intent to commit a Felony—Sexual Battery. On June 28, 2001, the court entered a five year deferred sentence with supervision by the Division of Probation and Parole. Pursuant to an application of the State of Oklahoma, the deferred sentence was accelerated, and on October 25, 2001, I was convicted of the crime to which I had entered a Nolo Contendre Plea, and sentenced to five years in the custody of the Oklahoma Department of Corrections.

4. Redell is aware that the allegations set forth, if proven, would constitute violations of Rules 1.3 and 1.4 of the Rules Governing Disciplinary Proceedings; and Rules 1.15, 8.4, and 8.4(c), of the Oklahoma Rules of Professional Conduct Okla. Stat. tit. 5, ch. 1, app. 3–A (1991), and his oath as an attorney.

5. Redell's resignation pending disciplinary proceedings is in compliance with all the requirements set forth in Rule 8.1, Rules Governing Disciplinary Proceedings, Okla. Stat. tit. 5, ch.1, app. 1 A (1991), and it should be approved.

6. The official roster address of Redell as shown by Bar Association records is William Ray Redell, OBA # 14305, 5925 Admiral Pl., P.O. Box 542, Tulsa, OK 74101.

7. Redell has agreed to pay costs in the amount of $947.88 incurred by the Oklahoma Bar Association in the investigation of this Complaint.

¶ 2 IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that the name of William Ray Redell be stricken from the roll of attorneys. Because resignation pending disciplinary proceedings is tantamount to disbarment, Redell may not make application for reinstatement prior to the expiration of five years from the date of this order. Pursuant to Rule 9.1, Rules Governing Disciplinary Proceedings, Okla. Stat. tit. 5, cp. 1, app. 1–A, Redell shall notify all of his clients having legal business pending with him within twenty days, by certified mail, of his inability to represent them and of the necessity for promptly retaining new counsel. Repayment to the Client Security Fund for any monies expended because of the malfeasance or nonfeasance of the attorney shall be a condition of reinstatement as well as the payment of $947.88 in costs to the Oklahoma Bar Association.

¶ 3 DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE this 6th day of December, 2001.

¶ 4 ALL JUSTICES CONCUR.