2002 OK 54

**STATE of Oklahoma, ex rel. OKLAHOMA BAR ASSOCIATION, Complainant,**

v.

**Stephen Paul GLOVER, Respondent.**

**No. 4703.**

Supreme Court of Oklahoma.

June 18, 2002.

Allen J. Welch, Assistant General Counsel, Oklahoma Bar Association, Oklahoma City, Oklahoma, for Complainant.

John W. Coyle, III, Oklahoma City, Oklahoma, for Respondent.

*ORDER*

WATT, V.C.J.:

¶ 1 Upon the filing of a complaint with the Oklahoma Supreme Court, Respondent, Stephen Paul Glover, has tendered his resignation from membership in the Oklahoma Bar Association pending disciplinary proceedings. The Bar has filed an application for approval of Respondent's resignation. Upon consideration of this matter, we find:

1) Respondent executed his resignation on April 23, 2002.

2) Respondent's resignation was freely and voluntarily tendered; he was not subject to coercion or duress; he was fully aware of the consequences of submitting his resignation. Rule 8.1, Rules Governing Disciplinary Proceedings, 5 O.S. Supp.1997, ch. 1, app. 1–A.

3) Respondent was aware of a complaint filed with the Office of Chief Justice by the Office of the General Counsel on February 25, 2002, which involved three counts of professional misconduct, and which originated from a grievance received from an attorney involved in *Michael J. O'Donnell, et al. v. Forest Oil Corporation,* CJ–98–57, in the District Court of Washita County, Oklahoma, the class action lawsuit in which Respondent served as lead attorney. Respondent was aware that the complaint contained allegations of misappropriation of settlement funds for personal use, misrepresentation to obtain funds to replace the settlement funds, and the failure to respond to communications from the Office of General Counsel, which, if proven, the alleged conduct would constitute violations of Rules 1.15(b), 4.1, 8.4(b) and 8.4(c), of the Oklahoma Rules of Professional Conduct (ORPC), 5 O.S. Supp.1997, ch. 1, app. 3–A; and Rules 1.4(b), 5.2, of the Rules Governing Disciplinary Proceedings (RGDP), 5 O.S. Supp.1997, ch. 1, app. 1–A.

4) Respondent was aware that, pursuant to Rule 8.2, RGDP, either the approval or disapproval of this resignation is within the discretion of the Oklahoma Supreme Court.

5) Respondent has familiarized himself with the provisions of Rule 9.1, RGDP, and agrees to comply with all provisions of Rule 9.1 within twenty (20) days following the date of his resignation.

6) Respondent acknowledges and agrees that in order to be reinstated to the practice of law, he may do so only upon full compliance with the conditions and procedures prescribed by Rule 11, RGDP, and may make no application for reinstatement prior to the expiration of five (5) years from the effective date of the Order approving this Resignation Pending Disciplinary Proceedings.

7) Respondent agrees to reimburse the Bar Association should the Bar pay out any funds to his former clients through the Client Security Fund. Should any funds be paid through the Client Security Fund, respondent agrees to reimburse the fund the principal amounts and the applicable statutory interest prior to the filing of any application for reinstatement.

8) Respondent's name and address as shown by the records maintained by the Oklahoma Bar Association is: Stephen Paul Glover, OBA # 13867, 14550 Torrey Chase, Suite 650, Houston, Texas 77014. He was admitted to practice law on September 19, 1990.

9) Costs incurred in the investigation of the above-stated matter have been waived by the Oklahoma Bar Association.

¶ 2 **IT IS THEREFORE ORDERED** that Complainant's application and Respondent's resignation be approved.

¶ 3 **IT IS FURTHER ORDERED** that Respondent's name be stricken from the Roll of Attorneys and that he make no application for reinstatement to membership in the Oklahoma Bar Association prior to five years from the effective date of this order.

¶ 4 **IT IS FURTHER ORDERED** that Respondent reimburse the Client Security Fund of the Oklahoma Bar Association, including interest at the statutory rate, should it pay any funds to his former clients for claims made due to his alleged misconduct.

ALL JUSTICES CONCUR.