2002 OK 71

STATE of Oklahoma ex rel. OKLAHOMA BAR ASSOCIATION, Complainant,

v.

Eric Dean TROUTT, Respondent.

SCBD No. 4740.
OBAD No. 1548.

Supreme Court of Oklahoma.

Sept. 30, 2002.

As Corrected Oct. 1, 2002.

¶ 0 Order Approving Resignation Pending Disciplinary Proceedings.

¶ 1 Upon consideration of the complainant's, Oklahoma Bar Association (Bar Association), application pursuant to Rule 8.2 of the Rules Governing Disciplinary Proceedings (5 O.S.2001 Ch. 1, App. 1–A), for an order approving the resignation of the respondent, Eric Dean Troutt, pending disciplinary proceedings, the application and resignation reveal the following.

¶ 2 On September 4, 2002, the respondent filed his with this Court his affidavit of resignation from membership in the Bar Association pending investigation of disciplinary proceedings.

¶ 3 The respondent's affidavit of resignation reflects that: a) it was freely and voluntarily rendered; b) he was not subject to coercion or duress; and c) he was fully aware of the consequences of submitting the resignation.

¶ 4 The respondent's affidavit incorporates a formal Complaint against him filed on the docket of this Court. That Complaint states the following.

(1) S.C.B.D. No. 4740 (Count I) alleges that respondent was retained in March of 1999 by Mr. Shaw and respondent brought an action on behalf of Mr. Shaw against Wal Mart. Further, that respondent failed to communicate with Mr. Shaw, failed to inform him of the dismissal of another party to the action, and incorrectly stated that a hearing was pending in the matter when Mr. Shaw inquired of the status of the action. Count I states that respondent was allowed to withdraw from the action by order of the district court, but did not inform Mr. Shaw of respondent's withdrawal, or desire to withdraw. Further, that after withdrawing from the action respondent filed an amended petition in the action in September 2001, and then failed to have one of the defendants served with process for six months. One defendant filed a motion to dismiss based upon a statute of limitations, and when respondent failed to respond or appear at the hearing the defendant was dismissed from the action. The Complaint alleges that responded violated Rules 1.1, 1.3, 1.4 and 3.2 of the Oklahoma Rules of Professional Conduct.

(2) S.C.B.D. No. 4749 (Count II) alleges that upon filing Mr. Shaw's grievance with the Bar Association and the Bar's request in July 2001 for respondent to respond thereto, respondent did not respond and then left unclaimed two subsequent certified letters (August and September) from the Bar requesting a response. Respondent provided a

response to the Bar Association in December 2001, and stated that another lawyer (Mr. T.), agreed to help Mr. Shaw find another lawyer to take respondent's place. Mr. Shaw responded and stated that he did not know lawyer Mr. T. and had not given respondent permission to use Mr. T. as a lawyer for his case. The Complaint alleges that respondent asked Mr. T. to take over the case as Shaw's lawyer, but Mr. T. declined the invitation. The Complaint also alleges that in May of 2002 an investigator for the Bar asked respondent if he would contact Mr. Shaw about his case, and if respondent intended to respond to the motion to dismiss in the trial court. The Complaint further states that respondent stated that he would contact Mr. Shaw and respond to the motion, but he did not subsequently do either. The Complaint alleges that responded violated Rule 8.4 of the Oklahoma Rules of Professional Conduct, and Rule 5.2 of the Rules Governing Disciplinary Proceedings.

¶ 5 The respondent's affidavit and the application show that three (3) grievances have been filed against Respondent and are pending before Complainant:

(1) DC 02–102 is a grievance alleging that respondent received a settlement check payable to himself and a client, Mrs. Lynn, and that after depositing the check to his trust account he has not paid his client her portion of the settlement. This grievance further alleges that respondent did not have his client's permission to deposit the check into his trust account, and also failed to have a written contract for his contingency fee agreement.

(2) DC 02–187 is a grievance alleging that Mr. Sanger provide funds to respondent to be used for a specific purpose and respondent converted those funds to his use. This grievance also alleges that respondent failed to properly communicate with Mr. Sanger and obtained an unreasonable fee in representing Mr. Sanger.

(3) DC 02–293 is a grievance alleging that respondent received a check from a settlement and made payable to him and Dr. Gallagher for medical services provided by Dr. Gallagher to respondent's client. The grievance further alleges that respondent de-posited the check into his trust account without permission of Dr. Gallagher, and respondent thereafter refused to pay Dr. Gallagher until he filed a legal action against respondent.

¶ 6 The resignation states that the respondent is aware that the allegations concerning his conduct, if proven, would constitute violations of the Rules Governing Disciplinary Proceedings, 5 O.S.2001, Ch. 1, App. 1–A, and the Oklahoma Rules of Professional Conduct, 5 O.S.2001 Ch.1, App. 3–A, and his oath as a lawyer.

¶ 7 The resignation states that the respondent is aware of the requirements of Rule 9.1, of the Rules Governing Disciplinary Proceedings, and shall comply with that Rule.

¶ 8 The resignation states that the respondent is aware that he may make no application for reinstatement prior to the expiration of five years from the effective date of the order approving his resignation, and that reinstatement requires compliance with Rule 11 of the Rules Governing Disciplinary Proceedings. *See* 5 O.S.2001 Ch. 1, App. 1 A, Rule 8.2, Rules Governing Disciplinary Proceedings; *State ex rel. Oklahoma Bar Association v. Bourland,* 2001 OK 12, 19 P.3d 289; *In re Reinstatement of Hird,* 2001 OK 28, 21 P.3d 1043.

¶ 9 The resignation states that the respondent is aware that the Client's Security Fund may receive claims from his former clients, and that he shall pay to the Oklahoma Bar Association, prior to reinstatement, those funds, including principal and interest, expended by the Client's Security Fund for claims against him. He must repay such funds to the Bar Association prior to reinstatement. *See* 5 O.S.2001 Ch. 1, App. 1–A, Rule 11.1(b), Rules Governing Disciplinary Proceedings. We have required payment of interest at the statutory rate for repayment to he Client's Security Fund. *State ex rel. Oklahoma Bar Association v. Glover,* 2002 OK 54, ¶ 4, 49 P.3d 738.

¶ 10 The resignation states that the respondent is aware that costs have been incurred by the Oklahoma Bar Association investigating the grievances, but requests that those costs be waived. The Bar Association's

application for approval of the resignation requests that costs be waived.

¶11 The official roster name and address of the respondent is Eric Dean Troutt, O.B.A. No. 16,464, 300 E. Main, Ste. 1111, El Paso, Texas, 79912.

¶12 IT IS THEREFORE ORDERED that Complainant's application and Respondent's resignation be approved.

¶13 IT IS FURTHER ORDERED that Respondent's name be stricken from the Roll of Attorneys and that he make no application for reinstatement to membership in the Oklahoma Bar Association prior to five years from the effective date of this order.

¶14 IT IS FURTHER ORDERED that if any funds of the Client's Security Fund of the Oklahoma Bar Association are expended on behalf of Respondent, he must show the amount paid and that the same has been repaid, with interest, to the Oklahoma Bar Association to reimburse such Fund prior to reinstatement.

¶15 DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE THIS 30TH DAY OF SEPTEMBER, 2002.

¶16 ALL JUSTICES CONCUR.