2003 OK 44

**STATE of Oklahoma ex rel., OKLA-HOMA BAR ASSOCIATION, Complainant,**

v.

**Willard James GETTLE, Respondent.**

**Nos. SCBD 4801, OBAD 1572.**

Supreme Court of Oklahoma.

April 22, 2003.

¶ 0 **ORDER APPROVING RESIGNATION PENDING DISCIPLINARY PROCEEDINGS.**

¶ 1 Upon consideration of the complainant's, Oklahoma Bar Association (Bar Association), application pursuant to Rule 8.2 of the Rules Governing Disciplinary Proceedings (5 O.S.2001 Ch. 1, App. 1–A), for an order approving the resignation of the respondent, Willard James Gettle, pending disciplinary proceedings, the application and resignation reveal the following.

¶ 2 On April 11, 2003, the respondent filed with this Court his affidavit of resignation from membership in the Bar Association pending disciplinary proceedings.

¶ 3 The respondent's affidavit of resignation reflects that: a) it was freely and voluntarily rendered; b) he was not subject to coercion or duress; and c) he was fully aware of the consequences of submitting the resignation.

¶ 4 The respondent's affidavit notes that he was suspended from the practice of law by order of this Court on July 1, 2002, in S.C.B.D. No. 4731 (73 O.B.J.2079, July 13, 2002), for non-payment of Bar Association dues. He was also suspended from the practice of law by order of this Court on July 2, 2002 in S.C.B.D. No. 4732 (73 O.B.J.2081, July 13, 2002), for failure to comply with mandatory continuing education requirements.

¶ 5 Respondent states in his affidavit the following grievances pending before complainant:

(a) DC 02–275. A grievance was brought by Angela Tullius alleging that respondent engaged in the unauthorized practice of law and that respondent failed to account for and return client funds.

(b) DC 02–295. A grievance was brought by Jeffrey Williams alleging respondent's conduct was incompetent and that he neglected a legal matter.

(c) DC 02–422. A grievance was brought by Tiffany Sicking alleging respondent's conduct involved a conflict of interest in a child guardianship matter and a failure to properly respond to the Office of the General Counsel of the Oklahoma Bar Association.

(d) DC 03–17. A grievance was brought by Carmen Guerra alleging that respondent neglected a legal matter and did not respond to the Office of the General Counsel.

(e) DC 03–84. A grievance was brought by the Office of the General Counsel alleging that respondent was convicted of Driving Under the Influence in a municipal court of record, Oklahoma City, Oklahoma. Further, that respon-

dent was sentenced to ninety (90) days incarceration, the conviction is final, and respondent has failed to serve his term of incarceration. Respondent further states that "there is currently an outstanding warrant for my arrest issued."

¶ 6 The resignation states that respondent is aware that the burden of proof rests upon the Bar Association, and that he waives any and all right to contest the allegations.

¶ 7 The resignation states that the respondent is aware that the allegations concerning his conduct, if proven, would constitute violations of Rules, 1.3, and 5.2, of the Rules Governing Disciplinary Proceedings, 5 O.S. 2001, Ch. 1, App. 1 A, and Rules 1.1, 1.3, 1.4, 1.5, 1.7, 1.9, 5.5, 8.1, and 8.4(a) and (b) of the Rules of Professional Conduct, 5 O.S.2001 Ch.1, App. 3 A, and his oath as a lawyer.

¶ 8 The resignation states that respondent is aware that approval of his resignation is in the discretion of this Court

¶ 9 The resignation states that the respondent is aware of the requirements of Rule 9.1, of the Rules Governing Disciplinary Proceedings, and shall comply with that Rule.

¶ 10 The effective date of Gettle's resignation is not changed by the two prior suspensions in July 2002. *State ex rel. Oklahoma Bar Association v. Bourland*, 2001 OK 12, ¶ 15, 19 P.3d 289, 292. The resignation states that the respondent is aware that he may make no application for reinstatement prior to the expiration of five years from the effective date of the order approving his resignation, and that reinstatement requires compliance with Rule 11 of the Rules Governing Disciplinary Proceedings. *See* 5 O.S. 2001 Ch. 1, App. 1–A, Rule 8.2, Rules Governing Disciplinary Proceedings; *State ex rel. Oklahoma Bar Association v. Bourland*, 2001 OK 12, 19 P.3d 289; *In re Reinstatement of Hird*, 2001 OK 28, 21 P.3d 1043.

¶ 11 The resignation states that the respondent is aware that the Clients' Security Fund may receive claims from his former clients, and that he shall pay to the Oklahoma Bar Association, prior to reinstatement, those funds, including principal and interest, expended by the Clients' Security

Fund for claims against him. He must repay such funds to the Bar Association prior to reinstatement. *See* 5 O.S.2001 Ch. 1, App. 1–A, Rule 11.1(b), Rules Governing Disciplinary Proceedings. We have required payment of interest at the statutory rate for repayment to he Client's Security Fund. *State ex rel. Oklahoma Bar Association v. Glover*, 2002 OK 54, ¶ 4, 49 P.3d 738.

¶ 12 The resignation states that the Oklahoma Bar Association will waive the costs of investigating the grievances. The application by the Bar Association for approval of the resignation waives an assessment for costs in this proceeding.

¶ 13 The official roster name, Bar Association number, and address of the respondent is Willard James Gettle, O.B.A. No. 18,190, 200 N. Harvey, Ste. 1418, Oklahoma City, OK 73102.

¶ 14 IT IS THEREFORE ORDERED that the application by the Bar Association and Gettle's resignation be approved.

¶ 15 IT IS FURTHER ORDERED that Respondent's name be stricken from the Roll of Attorneys and that he make no application for reinstatement to membership in the Oklahoma Bar Association prior to five years from the effective date of this order.

¶ 16 IT IS FURTHER ORDERED that if any funds of the Clients' Security Fund of the Oklahoma Bar Association are expended on behalf of respondent, he must show the amount paid and that the same has been repaid, with interest, to the Oklahoma Bar Association to reimburse such Fund prior to reinstatement.

¶ 17 DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE THIS 21ST DAY OF APRIL, 2003.

¶ 18 ALL JUSTICES CONCUR.