2003 OK 54

STATE of Oklahoma ex rel. OKLAHOMA BAR ASSOCIATION, Complainant,

v.

R. Scott SCROGGS, Respondent.

S.C.B.D. No. 4759, O.B.A.D. No. 1557.

Supreme Court of Oklahoma.

May 20, 2003.

¶ 0 Order Approving Resignation Pending Disciplinary Proceedings.

¶ 1 Upon consideration of the complainant's, Oklahoma Bar Association (Bar Associ-ation), application pursuant to Rule 8.2 of the Rules Governing Disciplinary Proceedings (5 O.S.2001 Ch. 1, App. 1–A), for an order ap-proving the resignation of the respondent, R. Scott Scroggs, pending disciplinary proceed-ings, the application and resignation reveal the following.

¶ 2 On May 6, 2003, the respondent filed with this Court his Affidavit of Resignation from membership in the Bar Association pending disciplinary proceedings.

¶ 3 The respondent's Affidavit of Resigna-tion reflects that: a) it was freely and volun-tarily rendered; b) he was not subject to coercion or duress; and c) he was fully aware of the consequences of submitting the resig-nation.

¶ 4 The respondent's affidavit notes that he was suspended from the practice of law for one year by an opinion of this Court in *State ex rel. Oklahoma Bar Association v. R. Scott Scroggs*, 2003 OK 21, 70 P.3d 821, (March 4, 2003), (petition for rehearing pending), (S.C.B.D. No. 4602).

¶ 5 The respondent's affidavit notes that a complaint was filed in this Court in *State ex rel. Oklahoma Bar Association v. R. Scott Scroggs*, S.C.B.D. No. 4759, O.B.A.D. No. 1557. A *summary* of the allegations in the twenty-five-page Complaint is that:

Count 1. Robert Brooks paid respondent him $700.00 for legal representation. It is alleged that respondent failed to communi-cate with Brooks, obtain service on a de-fendant, to take the necessary steps to advance the litigation, and other matters. It is alleged that respondent violated Rules 1.1, 1.3,1.4, 3.2, and 8.4(c) of the Rules of Professional Conduct.

Count 2. Robert Raska paid respondent $725.00 for legal representation. It is al-leged that respondent failed to communi-cate with his client, terminated an action without his client's consent, agreed to a settlement without the consent of the client, and other matters. It is alleged that respondent violated Rules 1.1, 1.2, 1.3,1.4, and 3.2, of the Rules of Professional Conduct.

Count 3. Jerry Durham paid respondent $650.00 for legal representation. It is al-

leged that the contingency fee agreement was not in writing. Further, that respondent failed to communicate with his client, misrepresented the proceedings to the client, neglected a legal matter, failed to return the client's property, and other matters. It is alleged that respondent violated Rules 1.1, 1.3,1.4, 1.15(a), 1.16(d), and 8.4(c) of the Rules of Professional Conduct.

Count 4. Patricia Hurst paid respondent $650.00 for legal representation. It is alleged that respondent neglected a legal matter, failed to communicate with his client, and other matters. It is alleged that respondent violated Rules 1.1, 1.3,1.4, 1.5(a), 1.5(c), 3.2, and 8.4(c) of the Rules of Professional Conduct.

Count 5. It is alleged that respondent informed the Bar Association that he had accounted for his work to Hurst, and provided Hurst with a partial refund, when he did not, that he made misrepresentations to the Bar, and other matters. It is alleged that respondent violated Rules 1.15(a), 8.1(a) and 8.4(c) of the Rules of Professional Conduct, and Rule 5.2 of the Rules Governing Disciplinary Proceedings.

Count 6. Mindi Boston paid respondent $650.00 for legal representation. It is alleged that respondent neglected a legal matter, failed to properly communicate with the client, and several other matters. It is alleged that respondent violated Rules 1.1, 1.3,1.4, 1.5(c) and 3.2 of the Rules of Professional Conduct.

Count 7. Respondent is alleged to have provided the Bar Association with false information. It is alleged that Respondent violated Rules 8.1 and 8.4(c) of the Rules of Professional Conduct.

Count 8. Brett Thompson paid respondent $650.00 for legal representation. It is alleged that respondent neglected a legal matter, failed to communicate with his client, failed to properly terminate the relationship when directed to do so, and other matters. It is alleged that respondent violated Rules 1.1, 1.3,1.4, 1.5(c), 1.16(d), and 8.4(c) of the Rules of Professional Conduct.

Count 9. Darrell Doyle paid respondent $650.00 for legal representation. It is al-

leged that the fee agreement was not in writing, and that respondent neglected a legal matter, failed to communicate properly, and other matters. It is alleged that respondent violated Rules 1.1, 1.3,1.4, 1.5(c), 1.15(c), 1.16(d), and 8.4(c) of the Rules of Professional Conduct.

Count 10. Natalie Nelson paid respondent $650.00 for legal representation. It is alleged that respondent neglected a legal matter, failed to communicate with his client, made a misrepresentation, and other matters. It is alleged that respondent violated Rules 1.1, 1.2, 1.3, 1.4, 1.5(a), 1.15(b), and 8.4(c) of the Rules of Professional Conduct.

Count 11. Remona Saleh paid respondent $650.00 for legal representation. It is alleged that the contingency fee agreement was not in writing, and the respondent neglected a legal matter, failed to communicate with his client, and other matters. It is alleged that respondent violated Rules 1.1, 1.3, 1.4, 1.5(c), 3.2, and 8.4(c) of the Rules of Professional Conduct.

¶ 6 Respondent states in his affidavit the following grievances pending before complainant:

(a) DC 02–358. A grievance was lodged with the Office of General Counsel alleging that due to respondent's neglect and misrepresentation a cause of action is now barred by a statute of limitations.

(b) DC 02–413. A grievance was lodged with the Office of General Counsel that respondent received payment for, but did no work on, a legal matter, except to prepare a "fill-in-the-blank" petition.

(c) DC 03–44. A grievance was lodged with the Office of General Counsel that respondent neglected a client's case and failed to file a response pursuant to Rule 5.2 of the Rules Governing Disciplinary Proceedings.

(d) DC 03–46. A grievance was lodged with the Office of General Counsel alleging that respondent performed little, if any, work on a legal matter during seven months he represented his client. Further, that he failed to

file a response pursuant to Rule 5.2 of the Rules Governing Disciplinary Proceedings.

(e) DC 03–68. A grievance was lodged with the Office of General Counsel alleging that a client paid respondent $650.00 and respondent mailed two months later a draft petition to the client with many mistakes therein. Further, that he failed to file a response pursuant to Rule 5.2 of the Rules Governing Disciplinary Proceedings.

(f) DC 03–78. A grievance was lodged with the Office of General Counsel alleging incompetence, neglect, dishonesty, and poor communication during respondent's representation of a client. Further, that respondent ignored requests for a response form the Office of the General Counsel, and that respondent failed to file a response pursuant to Rule 5.2 of the Rules Governing Disciplinary Proceedings.

(g) DC 03–86. A grievance was lodged with the Office of the General Counsel alleging neglect, lack of communication, and incompetence during respondent's one-year representation of a client. Further, that he failed to file a response pursuant to Rule 5.2 of the Rules Governing Disciplinary Proceedings.

¶ 7 The resignation states that respondent is aware that the burden of proof rests upon the Bar Association, and that he waives any and all right to contest the allegations.

¶ 8 The resignation states that the respondent is aware that the allegations concerning his conduct, if proven, would constitute violations of Rule 5.2, of the Rules Governing Disciplinary Proceedings, 5 O.S.2001, Ch. 1, App. 1–A, and Rules 1.1, 1.2, 1.3, 1.4, 1.5(a), 1.5(c), 1.15(a), (b), & (c). 1.16(d), 3.2, 8.1(a), and 8.4(c) of the Rules of Professional Conduct, 5 O.S.2001 Ch.1, App. 3 A, and his oath as a lawyer.

¶ 9 The resignation states that respondent is aware that approval of his resignation is in the discretion of this Court.

¶ 10 The resignation states that the respondent is aware of the requirements of Rule 9.1, of the Rules Governing Disciplinary Proceedings, and shall comply with that Rule.

¶ 11 We have said that "A resignation pending disciplinary proceedings is tantamount to disbarment." *State ex rel. Oklahoma Bar Association v. Bourland,* 2001 OK 12, ¶ 15, 19 P.3d 289, 291. Thus, a lawyer resigning pending disciplinary proceedings may not make application for reinstatement prior to the expiration of five years from the date of the order approving the resignation. *State ex rel. Oklahoma Bar Association v. Grunewald,* 2001 OK 65, ¶ 2, 27 P.3d 482, 483; *State ex rel. Oklahoma Bar Association v. Redell,* 2001 OK 112, ¶ 2, 38 P.3d 227, 228.

¶ 12 The resignation states that the respondent is aware that he may make no application for reinstatement prior to the expiration of five (5) years from the effective date of the order approving the resignation. It states that the respondent is aware that compliance with Rule 11, Rules Governing Disciplinary Proceedings, is required for reinstatement to the practice of law.

¶ 13 The resignation states that the respondent is aware that the Clients' Security Fund may receive claims from his former clients, and that he shall pay to the Oklahoma Bar Association, prior to reinstatement, those funds, including principal and interest, expended by the Clients' Security Fund for claims against him. *See* 5 O.S.2001 Ch. 1, App. 1–A, Rule 11.1(b), Rules Governing Disciplinary Proceedings. We have required payment of interest at the statutory rate for repayment to he Client's Security Fund. *State ex rel. Oklahoma Bar Association v. Glover,* 2002 OK 54, ¶ 4, 49 P.3d 738.

¶ 14 The resignation states that the Oklahoma Bar Association incurred costs in 2003 OK 21, 70 P.3d 821 (S.C.B.D. No. 4602), in the amount of $3,334.61, and that those costs were previously awarded by this Court. It states that respondent is aware that he must pay those costs within ninety days of the date the opinion in 2003 OK 21, 70 P.3d 821 is final.

¶ 15 The Bar Association's application for approval of respondent's resignation waives its costs in proceeding S.C.B.D. 4759.

¶ 16 The official roster name, address, and Bar Association number, of the respondent is R. Scott Scroggs, 8438 S. 36th West Avenue, Tulsa, OK 74132, O.B.A. No. 16,889.

¶ 17 IT IS THEREFORE ORDERED that the application by the Bar Association and the resignation of R. Scott Scroggs are approved.

¶ 18 IT IS FURTHER ORDERED that Respondent's name be stricken from the Roll of Attorneys and that he make no application for reinstatement to membership in the Oklahoma Bar Association prior to five years from the effective date of this order.

¶ 19 IT IS FURTHER ORDERED that if any funds of the Clients' Security Fund of the Oklahoma Bar Association are expended on behalf of respondent, he must show the amount paid and that the same has been repaid, with interest, to the Oklahoma Bar Association to reimburse such Fund prior to reinstatement.

¶ 20 DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE THIS 19th DAY OF MAY, 2003.

¶ 21 All Justices concur.