2004 OK 14

## STATE of Oklahoma ex rel. OKLAHOMA BAR ASSOCIATION, Complainant,

v.

## Benny H. ROBISON, Respondent.

### Nos. SCBD 4883, OBAD 1604.

Supreme Court of Oklahoma.

March 2, 2004.

¶ 0 **Order Approving Resignation Pending Disciplinary Proceedings.**

¶ 1 Upon consideration of the complainant's, Oklahoma Bar Association (Bar Association), application pursuant to Rule 8.2 of the Rules Governing Disciplinary Proceedings (5 O.S.2001 Ch. 1, App. 1–A), for an order approving the resignation of the Respondent, Benny H. Robison, pending disciplinary proceedings, the application and resignation reveal the following.

¶ 2 On February 17, 2004, Robison filed with this Court his affidavit of resignation

from membership in the Bar Association pending disciplinary proceedings.

¶ 3 Robison's affidavit of resignation reflects that: a) it was freely and voluntarily rendered; b) he was not subject to coercion or duress; and c) he was fully aware of the consequences of submitting the resignation.

¶ 4 Robison states that he was convicted in the District Court of Bryan County for Possession of Methamphetamine on September 30, 2003, and sentenced to ten years of incarceration with five years suspended. He is currently incarcerated in the William S. Key Correctional Center, Fort Supply, Oklahoma.

¶ 5 Robison states in his affidavit the following grievances pending before Complainant:

   (a) DC 03–363. A grievance was lodged with the Office of the General Counsel on September 29, 2003, which alleges I was paid to represent a client at protective order hearing, but failed to do so, because of my incarceration with the Department of Corrections.

   (b) DC 03–381. A grievance was lodged with the Office of the general Counsel on October 15, 2003, which alleges I was retained to represent the complainant's son on a murder charge, sold the client's property, and failed to perform any work. Due to my incarceration, it alleges the client is left without representation or funds for new counsel.

   (c) DC 03–395. A grievance was lodged with the Office of the General Counsel on November 3, 2003, which alleges I "stood up" my client on several occasions, and committed an assault on another individual.

¶ 6 Robison acknowledges that the burden of proof regarding the pending grievances rests upon the Oklahoma Bar Association. He further states that he is aware that the allegations concerning his conduct in the pending grievances, if proven, would constitute violations of Rules, 1.3 and 1.4, Rules Governing Disciplinary Proceedings, 5 O.S. 2001, Ch. 1, App. 1 A, and Rules 1.1, 1.3, 1.4, 1.5, 1.15, 1.16, 3.2, 8.2(b), and 8.4(a), (b), and (d), Rules of Professional Conduct, 5 O.S.

2001 Ch.1, App. 3 A, and Respondent's oath as a lawyer.

¶ 7 Robison acknowledges the requirements of Rule 9.1, of the Rules Governing Disciplinary Proceedings, and shall comply with that Rule.

¶ 8 Robison acknowledges that he may make no application for reinstatement prior to the expiration of five years from the effective date of the order approving his resignation, and that reinstatement requires compliance with Rule 11 of the Rules Governing Disciplinary Proceedings. See 5 O.S.2001 Ch. 1, App. 1 A, Rules 8.2 and 11.1, Rules Governing Disciplinary Proceedings.

¶ 9 Robison states that the Clients' Security Fund may receive claims from his former clients, and that he shall pay to the Oklahoma Bar Association, prior to reinstatement, those funds, including principal and interest, expended by the Clients' Security Fund for claims against him. He must repay such funds to the Bar Association prior to reinstatement. See 5 O.S.2001 Ch. 1, App. 1–A, Rule 11.1(b), Rules Governing Disciplinary Proceedings. We have required payment of interest at the statutory rate for repayment to he Client's Security Fund. *State ex rel. Oklahoma Bar Association v. Glover,* 2002 OK 54, ¶ 4, 49 P.3d 738.

¶ 10 Robison states that the Oklahoma Bar Association will waive the costs of investigating the grievances. The application by the Bar Association for approval of the resignation waives an assessment for costs in this proceeding.

¶ 11 The official roster name and address of Respondent is Benny H. Robison, O.B.A. No. 13,553, 603 W. Evergreen, Durant, OK 74701. The Bar Association's application shows an alternate address for Respondent: Benny Robison, DOC # 419158, WSKCC A–Unit, P.O. Box 61, Ft. Supply, OK 73841.

¶ 12 Robison acknowledges that approval of his resignation is within the discretion of this Court. A resignation pending disciplinary proceedings is tantamount to disbarment. *State ex rel. Oklahoma Bar Association v. Bourland,* 2001 OK 12, ¶ 15, 19 P.3d 289, 291.

¶ 13 IT IS THEREFORE ORDERED that the application by the Bar Association and Robison's resignation be approved.

¶ 14 IT IS FURTHER ORDERED that Respondent's name be stricken from the Roll of Attorneys and that he make no application for reinstatement to membership in the Oklahoma Bar Association prior to five years from the effective date of this order.

¶ 15 IT IS FURTHER ORDERED that if any funds of the Clients' Security Fund of the Oklahoma Bar Association are expended on behalf of Respondent, he must show the amount paid and that the same has been repaid, with interest, to the Oklahoma Bar Association to reimburse such Fund prior to reinstatement.

¶ 16 DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE THIS 1st DAY OF March, 2004.

¶ 17 ALL JUSTICES CONCUR.